UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSEPH BARNES,

                              Plaintiff,

                  -vs-                                          13-CV-455-JTC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                              Defendant.

---

APPEARANCES:   LAW OFFICES OF KENNETH HILLER (KENNETH HILLER, ESQ., of Counsel), Amherst, New York, for Plaintiff.

                        WILLIAM J. HOCHUL, JR., United States Attorney (RICHARD D. KAUFMAN, Assistant United States Attorney, of Counsel), Buffalo, New York, for Defendant.

This matter has been transferred to the undersigned for all further proceedings, by order of Chief United States District Judge William M. Skretny dated August 6, 2014 (Item 15).

Plaintiff Joseph Barnes initiated this action on May 2, 2013, pursuant to the Social Security Act, 42 U.S.C. § 405(g) ("the Act"), for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income benefits under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (*see* Items 11, 12). For the following reasons, the Commissioner's motion is granted, and plaintiff's motion is denied.

**BACKGROUND**

Plaintiff was born on June 2, 1958 (Tr. 101).[1] He filed an application for SSI on January 8, 2011, alleging disability due to a bad knee, arthritis, a dislocated shoulder, and a herniated disc, with an onset date of October 1, 2008 (Tr. 101-116). The application was denied administratively on March 7, 2011 (Tr. 57-64), and plaintiff requested a hearing which was held before Administrative Law Judge ("ALJ") William A. Straub on May 10, 2012 (Tr. 22-53). Plaintiff testified at the hearing, and was represented by counsel.

In a decision issued on May 24, 2012, ALJ Straub found that plaintiff was not disabled under the Act (Tr. 11-26). Following the sequential evaluation process outlined in the Social Security Administration Regulations (*see* 20 C.F.R. § 416.920), the ALJ determined that plaintiff's knee, shoulder, back, and arthritis problems constituted "severe" impairments, but did not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"), considered singly or in combination (Tr. 13-15). The ALJ discussed the testimony and evidence of record regarding plaintiff's impairments, including his complaints of pain and other symptoms, and treatment records and diagnostic results from medical sources, and determined that plaintiff had the residual functional capacity ("RFC") to perform the full range of light work, as defined in the Social Security regulations[2] (*id.*). Considering plaintiff's age (52 yrs. at the time he applied for

---

[1] Parenthetical numeric references preceded by "Tr." are to pages of the administrative transcript filed by the Commissioner as part of the answer in this action (Item 7).

[2] "Light work" is defined in the Regulations as follows:

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

benefits), education (11th grade), vocationally relevant work experience (none), and RFC, the ALJ determined that Rule 202.10 of the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (the "Grids")[3] directed a finding of "not disabled."  Accordingly, the ALJ found that  plaintiff has not been disabled within the meaning of the Act at any time since the filing date of January 8, 2011 (Tr. 15-16).

The ALJ's decision became the final decision of the Commissioner on March 8, 2013, when the Appeals Council denied plaintiff's request for review (Tr. 1-5), and this action followed.

In his motion for judgment on the pleadings, plaintiff contends that the Commissioner's determination should be reversed because the ALJ (1) failed to properly assess the opinion of plaintiff's treating primary care provider, registered physician's assistant (RPA) Michael Riggles, regarding plaintiff's functional limitations, and (2) failed to adequately develop the record by obtaining a treating source opinion to support his RFC assessment.  *See* Item 12-1.  The government contends that the Commissioner's determination should be affirmed because the ALJ's decision is based on substantial evidence.  *See* Item 11-1.

---

To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b).

[3]The Grids were designed to codify guidelines for considering residual functional capacity in conjunction with age, education, and work experience in determining whether the claimant can engage in substantial gainful work existing in the national economy.  *See Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999); *see also Zorilla v. Chater*, 915 F. Supp. 662, 667 (S.D.N.Y. 1996).

**DISCUSSION**

I.   **Scope of Judicial Review**

The Social Security Act provides that, upon district court review of the Commissioner's decision, "[t]he findings of the Commissioner … as to any fact, if supported by substantial evidence, shall be conclusive …." 42 U.S.C. § 405(g). Substantial evidence is defined as evidence which "a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938), *quoted in Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999). The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts. *Giannasca v. Astrue*, 2011 WL 4445141, at *3 (S.D.N.Y. Sept. 26, 2011) (citing *Rodriguez v. Califano*, 431 F. Supp. 421, 423 (S.D.N.Y. 1977)).

Under these standards, the scope of judicial review of the Commissioner's decision is limited, and the reviewing court may not try the case *de novo* or substitute its findings for those of the Commissioner. *Richardson*, 402 U.S. at 401; *see also Cage v. Comm'r of Soc. Servs.*, 692 F.3d 118, 122 (2d Cir. 2012). The court's inquiry is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982), *quoted in Hart v. Colvin*, 2014 WL 916747, at *2 (W.D.N.Y. Mar. 10, 2014).

However, "[b]efore the insulation of the substantial evidence test comes into play, it must first be determined that the facts of a particular case have been evaluated in the light of correct legal standards." *Klofta v. Mathews*, 418 F. Supp. 1139, 1411 (E.D.Wis.

1976), *quoted in Sharbaugh v. Apfel*, 2000 WL 575632, at *2 (W.D.N.Y. Mar. 20, 2000); *Nunez v. Astrue*, 2013 WL 3753421, at *6 (S.D.N.Y. July 17, 2013) (citing *Tejada*, 167 F.3d at 773). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (citations omitted). Thus, the Commissioner's determination cannot be upheld when it is based on an erroneous view of the law, or misapplication of the Regulations, that disregards highly probative evidence. *See Grey v. Heckler*, 721 F.2d 41, 44 (2d Cir. 1983); *see also Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) ("Failure to apply the correct legal standards is grounds for reversal."), *quoted in McKinzie v. Astrue*, 2010 WL 276740, at *6 (W.D.N.Y. Jan. 20, 2010).

If the Commissioner's findings are free of legal error and supported by substantial evidence, the court must uphold the decision. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied ... the court shall review only the question of conformity with [the] regulations…."); *see Kohler*, 546 F.3d at 265. "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Even where there is substantial evidence in the record weighing against the Commissioner's findings, the determination will not be disturbed so long as substantial evidence also supports it. *See Marquez v. Colvin*, 2013 WL 5568718, at *7 (S.D.N.Y. Oct. 9, 2013) (citing *DeChirico v. Callahan*, 134 F.3d

1177, 1182 (2d Cir. 1998) (upholding the Commissioner's decision where there was substantial evidence for both sides)).

In addition, it is the function of the Commissioner, not the reviewing court, "to resolve evidentiary conflicts and to appraise the credibility of witnesses, including claimant." *Carroll v. Sec'y of Health and Human Services*, 705 F.2d 638, 642 (2d Cir. 1983); *cf. Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. Sept. 5, 2013). "Genuine conflicts in the medical evidence are for the Commissioner to resolve," *Veino*, 312 F.3d at 588, and the court "must show special deference" to credibility determinations made by the ALJ, "who had the opportunity to observe the witnesses' demeanor" while testifying. *Yellow Freight Sys. Inc. v. Reich*, 38 F.3d 76, 81 (2d Cir. 1994).

## II. Standards for Determining Eligibility for Supplemental Security Income Benefits

To be eligible for SSI benefits under the Social Security Act, plaintiff must show that he or she suffers from a medically determinable physical or mental impairment "which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months …," 42 U.S.C. § 1382c(a)(3)(A), and is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy …." 42 U.S.C. § 1382c(a)(3)(B). The Regulations set forth a five-step process to be followed when a disability claim comes before an ALJ for evaluation of the claimant's eligibility for benefits. *See* 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is presently engaged in

substantial gainful activity. If the claimant is not, the ALJ must decide if the claimant has a "severe" impairment, which is an impairment or combination of impairments that "significantly limits [the claimant's] physical or mental ability to do basic work activities ...." 20 C.F.R. § 416.920(c). If the claimant's impairment is severe, the ALJ then determines whether it meets or equals the criteria of an impairment found in the Listings. If the impairment meets or equals a listed impairment, the claimant will be found to be disabled. If the claimant does not have a listed impairment, the fourth step requires the ALJ to determine if, notwithstanding the impairment, the claimant is capable of performing his or her past relevant work. Finally, if the claimant is not capable of performing his or her past relevant work, the fifth step requires the ALJ to determine whether the claimant is capable of performing other work which exists in the national economy, considering the claimant's age, education, past work experience, and residual functional capacity. *See Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000); *Reyes v. Massanari*, 2002 WL 856459, at *3 (S.D.N.Y. Apr. 2, 2002); 20 C.F.R. § 416.920(g).

The claimant bears the burden of proof with respect to the first four steps of the analysis. If the claimant demonstrates an inability to perform past work, the burden shifts to the Commissioner to show that there exists other work that the claimant can perform. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999). The Commissioner ordinarily meets her burden at the fifth step by resorting to the Grids. However, where the Grids fail to describe the full extent of a claimant's physical limitations, the ALJ must "introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which claimant can obtain and perform." *Bapp v. Bowen*, 802 F.2d 601, 603 (2d Cir. 1986).

### III.     The ALJ's Determination

In this case, ALJ Straub determined at step one of the sequential evaluation that plaintiff had not engaged in substantial gainful activity since January 8, 2011, the date he applied for benefits (Tr. 13). As indicated above, at steps two and three the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the impairments in the Listings (*id.*).

At step four, the ALJ found that plaintiff had no past relevant work, but had the RFC to perform the full range of light work (Tr. 13-15). In making this finding, the ALJ discussed plaintiff's testimony and statements of record regarding the functional limitations caused by his pain and other symptoms, along with the objective medical evidence in the record, including the "Medical Examination for Employability Assessment" report of RPA Riggles, dated January 13, 2009 (Tr. 224-25), and treatment notes and diagnostic testing results from Erie County Medical Center ("ECMC") (Tr. 227-46; 264-86); UB Family Medicine ("UBFM") (Tr. 190-202, 248-59); and Kaleida Health (Tr. 261-63). The ALJ determined that, while the evidence established the presence of medically determinable impairments that could reasonably be expected to produce the symptoms alleged, plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms were "not credible" to the extent they were inconsistent with the ALJ's RFC assessment (Tr. 15). Based on his consideration of the evidence of record, the ALJ found that plaintiff had failed to establish "the presence of a chronic or permanent impairment causing disabling limitations" which would preclude him from performing the full range of light work (Tr. 15).

Given plaintiff's capacity to perform all or substantially all of the exertional demands of light work, and considering plaintiff's age, education, and work experience, the ALJ determined at the final step of the sequential evaluation that Medical-Vocational Rule 202.10 of the Grids directed a finding of "not disabled" (Tr. 16).

## IV.  Plaintiff's Motion

### A.  Consideration of the Physician's Assistant's Opinion

Plaintiff contends that the ALJ failed to properly consider the opinion of RPA Riggles, plaintiff's primary care treating source, contained on page one of the January 13, 2009 "Medical Examination of Employability" report assessing moderate limitations with regard to the physical functions of walking, standing, lifting/carrying, pushing/pulling/bending, and climbing stairs[4] (Tr. 224). According to plaintiff, if fully credited, this opinion calls into question the ALJ's RFC assessment because performance of the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday (citing Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *6 (S.S.A. 1983)).

The court's review of RPA Riggles' report–the only evidence in the record attributed to this source–reveals otherwise. On page two of his report, RPA Riggles expresses the opinion that the moderate limitations of function indicated on page one placed no restriction on plaintiff's ability to perform work-related activities, and that his medical examination of plaintiff on January 13, 2009 revealed the presence of no severe impairment which lasted

---

[4]RPA Riggles assessed no limitations with regard to sitting, seeing/hearing/speaking, or using hands (Tr. 224).

or could be expected to last at least 12 months (Tr. 225). As indicated above, the ALJ considered this report in his analysis of plaintiff's RFC, relying on RPA Riggles' notations that plaintiff had "no limitations or moderate limitations with regard to back pain and knee pain, and no limitations to work" (Tr. 14).

In the absence of any other records, reports, notes, or other evidence pertaining to RPA Riggles' treatment relationship with plaintiff, there is no basis for finding that the ALJ's consideration of the physician's assistant's opinion regarding plaintiff's functional limitations was improper, incomplete, or otherwise not in accordance with the regulations and rulings governing consideration of "other source" evidence. See 20 C.F.R. § 416.913(d)(1) (in addition to evidence from acceptable medical sources, ALJ may also use evidence from other sources, including physicians' assistants, to show severity of claimant's impairment and how it affects ability to work); SSR 06–03p, 2006 WL 2329939, at *2 (S.S.A. Aug. 9, 2006) (in evaluating "all relevant evidence in a case record," ALJ must consider not only opinion evidence from "acceptable medical sources," but also evidence provided by " 'non-medical sources' including ... physician assistants ...."). In this regard, courts within the Second Circuit have recognized that, while opinion evidence from "other sources" is not considered to be subject to the requirements of the "treating source rule," see, e.g., Bushey v. Colvin, 552 F. App'x 97, 97-98 (2d Cir. Jan. 29, 2014), the Social Security regulations and rulings generally require the ALJ to "explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06–03p, 2006 WL 2329939, at *6, quoted in Buck v. Colvin, 2014 WL 338841,

at *7 (W.D.N.Y. Jan. 30, 2014); see also Kohler, 546 F.3d at 268-69 (although ALJ is not required to give controlling weight to opinion of non-medical source, he should have given the opinion "some consideration"); Delacruz v. Astrue, 2011 WL 6425109, at *17 (S.D.N.Y. Dec. 1, 2011) (all courts agree that "other source" opinions "must be accorded some weight").

In making his assessment of plaintiff's RFC in this case, ALJ Straub explicitly referenced RPA Riggles' findings regarding the level of functional limitation resulting from plaintiff's impairments. As indicated by the discussion above, to the extent these findings can be considered opinion evidence from a treating "other source," the findings provide a clear indication that plaintiff's medical impairments did not significantly limit his ability to perform work-related activities consistent with the physical exertional level required for the full range of light work. Thus, the ALJ clearly accorded some weight to this "other source" evidence, and in the court's view, his written determination adequately reflects his consideration of the information contained in PRA Riggles' report in a manner that allows plaintiff and subsequent reviewers to follow the ALJ's reasoning in assessing plaintiff's RFC.

Accordingly, plaintiff is not entitled to remand on the ground that the ALJ failed to properly consider the treating physician's assistant's opinion regarding plaintiff's functional limitations.

### B. Duty to Develop the Record

Plaintiff also contends that the ALJ did not adequately discharge his duty to develop the record because he did not attempt to obtain medical opinions from any of plaintiff's

treating sources as to the extent of plaintiff's functional limitations. In this regard, the Second Circuit has long recognized the proposition that, "where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history even when the claimant is represented by counsel …." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (internal quotation marks omitted). This duty "includes assembling the claimant's complete medical history and recontacting the claimant's treating physician if the information received from the treating physician or other medical source is inadequate to determine whether the claimant is disabled …," as well as "advising the plaintiff of the importance of such evidence." *Batista v. Barnhart*, 326 F. Supp. 2d 345, 353 (E.D.N.Y. 2004). On the "flip-side" of this same proposition, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Petrie v. Astrue*, 412 F. App'x 401, 406 (2d Cir. 2011) (internal quotation marks omitted). The Second Circuit also recently clarified that the ALJ's failure to request treating source opinions does not require remand "where, as here, the record contains sufficient evidence from which an ALJ can assess the [claimant]'s residual functional capacity." *Tankisi v. Commissioner of Social Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (citing *Moser v. Barnhart*, 89 F. App'x 347, 348 (3d Cir. 2004); *Scherschel v. Barnhart*, 72 F. App'x 628, 630 (9th Cir. 2003); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)).

In this case, the ALJ's written determination reflects a thorough consideration and discussion of the medical evidence, including hospital records, office treatment notes, and diagnostic imaging results. For example, in addition to the RPA Riggles' January 2009

report on plaintiff's functional limitations, the ALJ discussed the treatment notes from plaintiff's visits to UBFM from January-August 2010, consistently reporting that plaintiff walked with a normal gait, and that straight leg raising was negative (Tr. 14, 191-201); an x-ray report from February 2012 indicating spondylosis of the lumbosacral spine at the L5-S1 level, and mild rotoscoliosis, but no fracture, dislocation, or malalignment, with results essentially unchanged from a previous x-ray in February 2009 (Tr. 14-15, 276), and an x-ray report from April 2012 indicating degenerative changes in the pelvis and hips with mild marginal spurring, but no fracture or dislocation (285-286).   In the court's view, this evidence provides a reasonable basis for the ALJ's assessment that, notwithstanding the functional limitations caused by his medical impairments, plaintiff retained the capacity to perform all or substantially all of the exertional demands of light work during the relevant period.

Significantly, plaintiff has identified no medical source with whom he regularly treated who would be able to provide a "detailed, longitudinal picture" by way of opinion on the issue of the nature and severity of his medical impairments.  20 C.F.R. 416.927(c)(2). Indeed, the record reflects that plaintiff had no regular treating source during relevant period, as determined by the ALJ (*i.e.*, between January 2011 and May 2012), nor did he seek regular treatment during that period beyond visits to the ECMC emergency room (and one visit to UBFM) for refills of his prescription pain medication (*see* Tr. 206-07, 245-46, 257-59 266, 271-73, 284-86).

Based on this review, the court finds that the medical evidence in the record presented to the ALJ was sufficient to provide a reasonable basis for the ALJ's determination of plaintiff's RFC.  Accordingly, plaintiff is not entitled to reversal or remand

on the ground that the ALJ failed to discharge his affirmative duty to further develop the record by obtaining a treating source statement containing a medical opinion as to the extent of plaintiff's functional limitations.

## **CONCLUSION**

For the foregoing reasons, the court finds that the ALJ's decision is based on correct legal standards and supported by substantial evidence, and the Commissioner's determination must therefore be upheld. Accordingly, the Commissioner's motion for judgment on the pleadings (Item 11) is granted, plaintiff's motion for judgment on the pleadings (Item 12) is denied, and the case is dismissed.

The Clerk of the Court is directed to enter judgment in favor of the Commissioner, and to close the case.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   October 29, 2014